UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

Nancy Hersey

     v.                          Civil No. 16-cv-068-JL
                                        Opinion No. 2016 DNH 203
Carolyn Colvin,
Acting Commissioner,
Social Security Administration

**ORDER ON APPEAL**

Nancy Ann Hersey has appealed the Social Security Administration's ("SSA") denial of her application for a period of disability and disability insurance benefits.  An administrative law judge at the SSA ("ALJ") ruled that, despite several severe impairments, including degenerative disc disease, migraines, obesity, and a tobacco use disorder, Hersey retains the residual functional capacity ("RFC") to perform her past relevant work as a sales agent, and thus is not disabled.  See 20 C.F.R. §§ 404.1505(a), 416.905(a).  The Appeals Council later denied Hersey's request for review, see id. § 404.967, with the result that the ALJ's decision became the final decision on Hersey's application, see id. § 404.981.  Hersey then appealed the decision to this court, which has jurisdiction under 42 U.S.C. § 405(g) (Social Security).

Hersey has moved to reverse the decision, see L.R. 9.1(b), contending that the ALJ erred by:  (1) incorrectly assessing the

credibility of Hersey's subjective complaints, (2) completely discounting the opinion of Hersey's treating nurse practitioner as to Hersey's RFC, and (3) failing to support her RFC finding with substantial evidence in the record.  The Acting Commissioner of the SSA has cross-moved for an order affirming the ALJ's decision.  See L.R. 9.1(e).  After careful consideration, the court grants the Acting Commissioner's motion to affirm (and denies Hersey's motion to reverse) the ALJ's decision.

## I.   **Applicable legal standard**

The court limits its review of a final decision of the SSA "to determining whether the ALJ used the proper legal standards and found facts upon the proper quantum of evidence." Ward v. Comm'r of Soc. Sec., 211 F.3d 652, 655 (1st Cir. 2000).  The court will uphold the ALJ's decision if it is supported by "such evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quotations omitted).  Though the evidence in the record may support multiple conclusions, the court will still uphold the ALJ's findings "if a reasonable mind, reviewing the evidence in the record as a whole, could accept it as adequate to support his conclusion." Irlanda Ortiz v. Sec'y of Health & Human Servs., 955 F.2d 765, 769 (1st Cir. 1991).

## II.  **Background**[1]

The ALJ invoked the requisite five-step process in assessing Hersey's request for disability and disability insurance benefits.  See 20 C.F.R. § 416.920.  First, she concluded that Hersey had not engaged in substantial gainful activity during the period after the alleged onset of her disability on August 31, 2012, and that Hersey will remain insured through December 1, 2016.  After analyzing the severity of Hersey's impairments, the ALJ concluded that Hersey suffered from four severe impairments:  degenerative disc disease, migraines, obesity, and a tobacco use disorder.[1]

At the third step, the ALJ found that Hersey's severe musculoskeletal impairment did not meet or "medically equal" the severity of one of the impairments listed in the Social Security regulations, even paired with the potential effects of obesity.  See 20 C.F.R. §§ 416.920(d), 416.925, and 416.926.  After reviewing the medical evidence of record, Hersey's own statements, the examination report of an impartial medical consultant, the opinion of Hersey's treating registered nurse,

---

[1] The court recounts here only those facts relevant to the instant appeal.  The parties' more complete recitation in their Joint Statement of Material Facts (document no. 11) is incorporated by reference.  See L.R. 9.1(d).

[1] Admin. R. at 161.

and the findings of a physician employed by the State Disability
Determination Services to review Hersey's medical records, the
ALJ concluded that Hersey retained the RFC to perform light
work, albeit with several physical limitations.[2]  Finding that,
even limited in this manner, Hersey was able to perform her
past, relevant work as a sales agent, see 20 C.F.R. § 404.1565,
the ALJ concluded her analysis and found that Hersey was not
disabled within the meaning of the Social Security Act.

## III. **Analysis**

Hersey challenges three aspects of the ALJ's analysis.
First, she contends that the ALJ failed to follow the applicable
law when she assessed the credibility of Hersey's subjective
complaints.  Second, she argues that the ALJ erred by
discounting the opinion of Hersey's treating nurse practitioner
as to Hersey's RFC.  Finally, Hersey argues that, in light of
these two errors, the ALJ's RFC determination was not supported
by substantial evidence.  The court addresses each argument in
turn and concludes that the ALJ did not err in any of these
analyses.

---

[2] Admin. R. at 164-66.

**A.    Credibility determination**

Hersey first argues that the ALJ erred in finding her subjective complaints less than credible.  The ALJ is responsible for "evaluat[ing] the credibility of a claimant's testimony about [his] symptoms and their limiting effect in light of all the other evidence of record, rather than to simply accept the testimony as true."  Scanlon v. Astrue, 2013 DNH 088, 15 n.4.  This court generally defers to that determination when the ALJ supports it with specific evidence in the case record. Simmons v. Astrue, 736 F. Supp. 2d 391, 401 (D.N.H. 2010) (citing Frustaglia v. Sec'y of Health & Human Servs., 829 F.2d 192, 195 (1st Cir. 1987)).  Though the record evidence may allow for more than one conclusion, the ALJ's credibility determination will be upheld so long as "a reasonable mind, reviewing the evidence in the record as a whole, could accept it as adequate to support [the ALJ's] conclusion." Irlanda Ortiz, 955 F.2d at 769 (quotation marks omitted).

As Hersey points out, the ALJ evaluates subjective complaints according to SSR 96-7p, Titles II and XVI: Evaluation of Symptoms in Disability Claims: Assessing the Credibility of an Individual's Statements, 1996 WL 374186 (S.S.A. 1996), which

> outlines a specific staged inquiry that consists of
> the following questions, in the following order:
> (1) does the claimant have an underlying impairment
> that could produce the symptoms he or she claims?;
> (2) if so, are the claimant's statements about his or

her symptoms substantiated by objective medical
evidence?; and (3) if not, are the claimant's
statements about those symptoms credible?

Comeau v. Colvin, 2013 DNH 145, 21 (internal quotations

omitted); see also 20 C.F.R. § 404.1529.  Adhering to that

process, the ALJ concluded that Hersey's impairments satisfied

the first criterion, in that her "medically determinable

impairments could reasonably be expected to cause the alleged

symptoms," that is, back pain and headaches.[3]  At the second and

third steps, however, she concluded that Hersey's "statements

concerning the intensity, persistence and limiting effects of

these symptoms are not entirely credible . . . ."[4]

The ALJ grounded this conclusion with citations to specific

evidence in Hersey's medical record that undermined -- or even

countered -- her allegations as to the severity, intensity, and

limiting effect of her back pain and headaches.  Hersey

testified that her back pain, resulting from a motor vehicle

accident in 2012, prevented her from getting out of bed,

bending, or sitting, when particularly severe.  As the ALJ

observed, however, the motor vehicle accident occurred in

January 2012, whereas Hersey claims that she became disabled

---

[3] Admin. R. at 165.

[4] Id.

some eight months later, in August 2012.[5]  The ALJ also cited the absence of diagnostic evidence of a severe deformity and the fact that Hersey's physical examination was within normal limits and that both x-ray and MRI examination of Hersey's spine "revealed only mild degenerative changes."[6]  She also noted that Hersey was "consistently noted to be in no acute distress when presenting for treatment" and had "no physical deficits upon physical examination," which further undermined Hersey's credibility.[7]  The ALJ similarly found Hersey's reports of the severity of her headaches less than credible in light of reports in Hersey's medical records "indicat[ing] that this impairment was stabilized with medication prior to her alleged onset date of disability and continuing."[8]  The ALJ also observed that the reports of the two medical experts in the case supported her conclusion.[9]

Hersey challenges three aspects of the ALJ's analysis.[10] First, she takes aim at the medical records that the ALJ cited

---

[5] Id.

[6] Id.

[7] Id. at 166.

[8] Id. at 165.

[9] Id. at 166.

[10] In a few brief sentences, Hersey also charges the ALJ with error through failure to address her work history or her husband's report of her activities.  See Plaintiff's Mem. (doc.

in support of her conclusion that Hersey's complaints were inconsistent with the objective medical evidence.  Hersey offers in counterpoint a few instances in which she complained of headaches and an MRI of her lumbar spine.  Although this evidence might lead to a different conclusion than the one drawn by the ALJ, substantial evidence in the record supports the ALJ's conclusion.  Accordingly, this court will not disturb it. See Irlanda Ortiz, 955 F.2d at 769-70 (quotation marks omitted).

Second, Hersey contends that the ALJ's "analysis of the plaintiff's daily activities was not accurate."[11]  The ALJ took account of Hersey's reports of her daily activities and her efforts to treat her headaches and back pain.[12]  She then concluded that Hersey's "testimony that her husband performs all household chores" was undermined by Hersey's account of her

---

no. 8-1) at 7-8, 12.  By failing to develop these arguments, Hersey waives them.  See United States v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990) (insufficiently developed arguments are deemed waived).**Error! Main Document Only.**  Even had she not waived the latter argument, the ALJ is not obligated to explain the weight given to third-party observations, and thus did not err by failing to do so.  Cf. Titles II and XVI: Considering Opinions and Other Evidence From Sources Who Are Not "Acceptable Medical Sources" in Disability Claims, SSR 06-03p, 2006 WL 2329939, at *4 (SSA 2006) (weight given to "opinions from medical sources who are not 'acceptable medical sources' and from 'non-medical sources' who have seen the claimant in their professional capacity" generally should be explained).

[11] Plaintiff's Mem. (doc. no. 8-1) at 8-10.

[12] Admin. R. at 164-65.

reason for returning to New Hampshire: to take care of her husband, who had become sick.[13]  The court cannot conclude from this that the ALJ failed to consider Hersey's activities of daily living and, though this analysis may be thin, it does not amount to "inaccurate."

Finally, Hersey challenges the ALJ's consideration of Hersey's regimen of treatment.  This challenge begins with the false premise that the ALJ "noted the plaintiff only sought infrequent treatment for her pain flareups."[14]  The ALJ noted no such thing; rather, she noted that Hersey herself "reported that she only has neck and back pain 'a few times a year,'" which would be consistent with the fact that the treatment records "report[] only infrequent flareups of back pain."[15]  Accordingly, the ALJ did not err in considering Hersey's regimen of treatment.

**B.   Medical opinion**

Hersey next argues that the ALJ erred in her treatement of the Residual Functional Capacity Questionnaire submitted by Hersey's nurse practitioner, Ms. Fischler.  Specifically, Hersey charges the ALJ with "not properly weighing the opinion of the

---

[13] Id. at 165.

[14] Plaintiff's Mem. (doc. no. 8-1) at 11.

[15] Admin. R. at 166.

plaintiff's nurse practitioner . . . in accordance with the factors set forth in SSR 06-03p."[16]

Registered nurses, though medical sources, are not considered "acceptable medical sources" but are, instead, considered to be "other sources" available to demonstrate the severity of an applicant's impairments and how they affect the applicant's ability to work. 20 CFR § 404.1513(d). The ALJ must "consider all relevant evidence in the case record," including opinions from "medical sources who are not 'acceptable medical sources.'" SSR 06-03p, 2006 WL 2329939, at *4. The ALJ may consider "the factors in 20 C.F.R. §§ 404.1527(d) and 416.927(d)" when weighing a nurse practitioner's opinion, though "[n]ot every factor . . . will apply in every case." Id. And having considered a nurse practitioner's opinion, the ALJ "generally should explain the weight given to" that opinion. Id. at *5; see also, e.g., Corson v. Soc. Sec'y Admin., Comm'r, 2013 DNH 144, 24-25.

The ALJ followed the requisite procedures here. She considered Ms. Fischler's opinion and explained that she discounted it as "not entitled to any probative value," because it was "inconsistent with the claimant's treatment records," as discussed in her evaluation of Hersey's credibility," as well as

---

[16] Plaintiff's Mem. (doc. no. 8-1) at 13.

with Hersey's "prescription for narcotic pain medication, which are provided in small doses and only for flares of pain."[17]  Even were the ALJ obliged to address every factor discussed in SSR 06-03p -- which she was not -- Hersey has not identified any factor that the ALJ failed to consider.

### C.   RFC determination

As her final argument, Hersey contends that the two alleged errors discussed _supra_ caused the ALJ to err in crafting Hersey's RFC.[18]  Because the court finds that the ALJ did not err in assessing Hersey's credibility or Ms. Fischler's opinion, it likewise concludes that the ALJ did not err in crafting Hersey's RFC.

### IV.  Conclusion

For the reasons discussed herein, the ALJ's conclusion that Hersey is not disabled is supported by substantial evidence in the record.  Hersey's motion to reverse the SSA's decision[19] is DENIED and the Acting Commissioner's motion to affirm[20] is

---

[17] Admin. R. at 166.

[18] Plaintiff's Mem. (doc. no. 8-1) at 18-19.

[19] Document no. 8.

[20] Document no. 9.

GRANTED.  The clerk shall enter judgment accordingly and close
the case.

     **SO ORDERED.**

_____
Joseph N. Laplante
United States District Judge


Dated:    November 2, 2016

cc:  Raymond J. Kelly, Esq.
     T. David Plourde, AUSA